I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO (SEE BELOW) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE
(CV69 also mailed)
TO:   DATE:   DEPUTY CLERK:
Petitioner   7/30/14   klh

FILED
CLERK, U.S. DISTRICT COURT
July 30, 2014
CENTRAL DISTRICT OF CALIFORNIA
BY: KH DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE T. TURNER,<br><br>    Petitioner,<br><br>vs.<br><br>J. SOTO, Warden,<br><br>    Respondent. | Case No. CV 14-5845-CAS (RNB)<br><br>ORDER DISMISSING PETITION WITH LEAVE TO AMEND |

    The Court's review of the Petition for Writ of Habeas Corpus, lodged for filing herein on July 25, 2014, reveals that it suffers from the following pleading deficiencies.

    Under 28 U.S.C. § 2254(a), petitioner may only seek habeas relief if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States. Here, it appears from the face of the Petition that petitioner is not challenging his underlying conviction or sentence. Rather, it appears that the Petition is directed to the outcome of a prison disciplinary proceeding that was held in 2012 and that resulted <u>inter alia</u> in the loss of custody credits.

    The Supreme Court has held that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." See <u>Wolff v. McDonald</u>, 418 U.S. 539, 556, 94 S. Ct.

2963, 41 L. Ed. 2d 935 (1974). As summarized by the Ninth Circuit in <u>Zimmerlee v. Keeney</u>, 831 F.2d 183, 186 (9th Cir. 1987), <u>cert. denied</u>, 487 U.S. 1207 (1988):

> "Due process in a prison disciplinary hearing is satisfied if the inmate receives written notice of the charges, and a statement of the evidence relied on by the prison officials and the reasons for disciplinary action. [citation omitted.] The inmate has a limited right to call witnesses and to present documentary evidence when permitting him to do so would not unduly threaten institutional safety and goals. [citation omitted.] Due process does not require that an informant's identity be revealed to an inmate. [citations omitted.] Findings that result in the loss of liberty will satisfy due process if there is some evidence which supports the decisions of the disciplinary board. [citations omitted.]"

Here, petitioner has not expressly alleged in any of his three grounds for relief a violation of any of the foregoing rights. Instead:

    1.    In Ground one of the Petition, petitioner is alleging a violation of certain state procedural rights. Such a claim is not cognizable on federal habeas review.

    2.    In Ground two of the Petition, petitioner is claiming a denial of his right to present a defense, but he fails to specify what defense he was denied the right to present. If, by this claim, petitioner means that the evidence before the hearing officer did not even satisfy the "some evidence" standard, petitioner should expressly have so alleged. The Court notes in this regard that ascertaining whether the "some evidence" standard is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." See <u>Superintendent v. Hill</u>, 472 U.S. 445, 455, 105 S. Ct. 2768, 2774, 86 L. Ed. 2d 356 (1985). "The relevant

question is whether there is any evidence in the record that could support the conclusion reached." See id. at 455-56.

    3.    In Ground three of the Petition, petitioner purports to allege a constitutional claim relating to the processing of petitioner's administrative appeal. However, the Ninth Circuit has held that a prisoner has no constitutional right to an effective grievance or appeal procedure. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Moreover, such a claim constitutes a claim directed to petitioner's conditions of confinement and may not properly be asserted in a habeas petition or as part of a habeas petition. See Preiser v. Rodriguez, 411 U.S. 475, 498-500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Thus, Ground three also fails to state a federal constitutional claim upon which habeas relief may be granted.

For the foregoing reasons, the Petition is dismissed with leave to amend. If petitioner still desires to pursue this action, he is ORDERED to file an amended petition rectifying the deficiencies discussed above on or before **September 2, 2014**. The clerk is directed to send petitioner's counsel a blank Central District habeas petition form for this purpose.

The amended petition should reflect the same case number, be clearly labeled "First Amended Petition," and be filled out completely. In ¶ 8 of the First Amended Petition, petitioner should specify **separately and concisely** each federal constitutional claim that he seeks to raise herein and answer all of the questions pertaining to each such claim. (If petitioner attaches a supporting memorandum of points and authorities, the arguments therein should correspond to the claims listed in ¶ 8 of the habeas petition form and not include any additional claims.) If petitioner contends that he exhausted his state remedies in a Petition for Review to the

California Supreme Court, he should list such filing in ¶ 4 of the habeas petition form and provide all of the other called for information. If petitioner contends that he exhausted his state remedies in a habeas petition to the California Supreme Court, he should list such filing in ¶ 6 of the habeas petition form and provide all of the other called for information. For each filing listed in ¶¶ 4 and 6, petitioner should be sure to specify all of the grounds raised by him in such filing, along with the case number, the date of decision, and the result.

Finally, petitioner is cautioned that his failure to timely file a First Amended Petition in compliance with this Order will result in a recommendation that this action be dismissed without prejudice for failure to prosecute.

DATED: July 30, 2014

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE